Reads, J.
 

 Stenhouse & McCauley, with whom the books in controversy had been deposited, and who had been sued for them by the present plaintiff, filed their bill in equity against the present plaintiff and defendant, to compel them to interplead and have the title to the books settled, so that
 
 they
 
 might deliver them to the true owner. Upon the hearing of that case in this court, the facts were so much involved that we were unwilling to decide them. And therefore we directed a trial at law so that the facts mi^ht be passed upon by a jury. The witness, Latta, who made the sale to the defendant, had been the plaintiff’s agent for several months during 1864-’5; there had been a good deal of correspondence between the two; the circumstances were embarrassing and dangerous; the books were in jeopardy
 
 *596
 
 by the advance of the federal army; the currency was rapidly depreciating; the expenses were heavy; and communication through the mail was slow and uncertain. There seems to be no question about the agency of Latta up to 11th December 1864. Some short time thereafter, and probably in the month of ^December, he received a letter from the plaintiff, complaining of the expense oí moving the books, and instructing him to put them into the hands of some responsible commission or auction house for sale, and forward him the money as fast as he could collect. He en deavored to comply with this request, but owing to the general alarm, could not. The letter is lost, and the witness Latta .stated his recollection of the contents, and that he did not understand it as terminating his agency, but only as advising a means of effecting a sale. Subsequently to the lost letter, they continued their correspondence; and on the 17th of January 1865 the agent wrote to plaintiff to ask him if he was still inclined to sell, and to inquire as to the price-On the 12th January 1865 the plaintiff replied, limiting the price to $30 per volume, but sent in the letter a
 
 script
 
 authorizing him to take $20 per volume,
 
 counting all
 
 the volumes, &c. Subsequently, and after the agent had made the contract, but before the delivery, the plaintiff wrote to the agent that if he had not completed the sale, not to do it; and if he had completed it and could get off honorably, to do so.
 

 This state of facts is substantially that in the equity suit— that which we thought could be passed upon by the jury better than by us. There was no conclusion from them which seemed to us to be evident. If it had been proper to take out any single isolated fact, and make it decisive of the case, we could have done that without hesitation. That is what his Honor did on the trial. Nothing was left to the jury. His Honor said, that the lost letter was a revo
 
 *597
 
 cation of the agency, and was decisive of the case. In this we think there was error. If the letter had been before his Honor or its contents precisely admitted, and there had been nothing else between the plaintiff and his agent, its construction would have been a question of law. But where the contents of a letter can be only imperfectly stated, and is one of many passing between the parties upon the same subject, before and after, and each to be explained by reference to the others, and in connection with the whole transaction, the contents and bearing of the letter ought to be left to the jury. And so, their attention ought to have been called to the plaintiff’s letter of 12th January, in which he fixes the price, and to his subsequent letter in which he requests him not to complete the sale, &c.
 

 With proper instructions as to what constituted an agency and what would amount to a revocation, not only so far as the principal and agent were concerned, but also with reference to third persons, the facts ought to have been left with the jury. The attention of the jury ought also to have been called to the question of the
 
 tona fides
 
 of the conduct of the agent and of the parties; and also, as to whether there was any recognition of the agency, or affirmation of the sale of the plantiff, after the alleged revocation.
 

 There is error.
 

 Per Curiam.
 
 Venire de novo.